UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| LISA R. SOUDERS ) | |
| (Social Security No. XXX-XX-3389), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:12-cv-156-WGH-SEB |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON JUDICIAL REVIEW OF DENIAL OF BENEFITS**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, pursuant to the parties' consents and an Order of Reference dated March 21, 2013. (Docket No. 14). Plaintiff, Lisa R. Souders, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner", "SSA") denying her Disability Insurance Benefits ("benefits") under the Social Security Act. 42 U.S.C. § 301 *et seq*. For the reasons set forth below, the Commissioner's decision must be **AFFIRMED**.

## I. Procedural History

Souders applied for benefits on February 26, 2010, alleging a disability onset date of February 4, 2010.[1]  Souders was 47 on the alleged onset date and had limited education.  (R. 16).  Her application was denied initially and upon reconsideration.  (R. 106-08, 112-14).  On November 18, 2011, an administrative law judge ("ALJ") held a hearing at which both Souders and a vocational expert ("VE") testified.  On December 16, 2011, the ALJ issued a decision finding Souders not disabled.  (R. 18).  On November 1, 2012, the Appeals Council denied her appeal (R. 1-6), leaving the ALJ's decision as the final decision of the Commissioner.  20 C.F.R. §§ 404.955(a), 404.981.  As a final decision, jurisdiction is proper in this court.  42 U.S.C. § 405(g).

## II. ALJ Findings

The ALJ found that:  (1) Souders did not engage in substantial gainful activity after her alleged disability onset date; (2) Souders had the following severe impairments:  lumbosacral strain; lumbar disc syndrome; plantar fasciitis; and urinary incontinence; (3) none of her impairments, alone or in combination, met or equaled an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (R. 12-13); (4) Souders had the residual functional capacity ("RFC") to perform sedentary work with additional restrictions, none of which is at issue on appeal (R. 13-16); (5) she was unable to perform her past relevant

---

[1] Souders's application lists an alleged onset date of October 18, 2007.  (R. 154). However, a previous application for benefits was denied on February 3, 2010, and Souders did not appeal that decision.  (R. 92-100).  Thus, by operation of law, her alleged disability onset date is the day after her previous application was denied.

2

work as a hand packager (R. 16); and (6) given Souders's age, education, work experience, and RFC, there existed jobs in significant numbers in the national economy she could perform.  (R. 16-17).  Based on these findings, the ALJ concluded that Souders was not disabled.

### III.   Legal Standards

In order to qualify for benefits, Souders must establish that she suffered from a "disability" as defined by the Act.  "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).

The Social Security regulations outline a five-step inquiry the ALJ is to perform in order to determine whether a claimant is disabled.  The ALJ must consider whether the claimant:  (1) is presently employed; (2) has a severe impairment or combination of impairments; (3) has an impairment that meets or equals an impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) is unable to perform his past relevant work; and (5) is unable to perform any other work existing in significant numbers in the national economy.  20 C.F.R. § 404.1520(a)(4).  The burden of proof is on Souders for steps one through four; only after Souders has met her evidentiary burden does the burden shift to the Commissioner at step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

3

An ALJ's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (internal quotation omitted); *see also Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997).

## IV. Discussion

Souders raises only one issue on appeal: whether the ALJ erred at step five by determining that a significant number of jobs existed in the national economy that a person with Souders's age, education, work history, and RFC was capable of performing. (R. 17). The ALJ relied on the VE's testimony that Souders could work as an order clerk, assembly worker, or inspector. There were 1,180,000 such jobs nationally, but only 56 in the Madison, Indiana three-county region. (R. 58-59). Souders alleges that the number of regional jobs is small enough to put it into a "gray area" that requires the ALJ to apply several factors before determining whether a claimant is disabled. *Trimiar v. Sullivan*, 966 F.2d 1326, 1329-30 (10th Cir. 1992). These factors include: (1) extent of the claimant's disability; (2) the reliability of the VE's testimony; (3) the distance a claimant can travel to engage in assigned work; (4) whether the jobs are isolated; and (5) the types and availability of such work. *Id.* at 1330 (internal quotation omitted). Souders argues that since she lives outside the three-county region, there are a minuscule number of jobs available, *see id.* (650-900 jobs statewide required application of the factors), and since the ALJ

did not discuss the *Trimiar* factors in his step five analysis, the ALJ did not meet his evidentiary burden. Therefore, the ALJ's decision that Souders is not disabled is not supported by substantial evidence.

Despite the paucity of jobs regionally, Souders's claim fails as a matter of law. As the Commissioner correctly notes, *Trimiar* is a Tenth Circuit case and not binding precedent. Moreover, neither *Trimiar* nor any Seventh Circuit case drew a bright line as to how many jobs constitute a significant number. *See Liskowitz v. Astrue*, 559 F.3d 736, 743 (7th Cir. 2009) (citing *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987)) ("As few as 174 jobs has been held to be significant, and it appears to be well-established that 1,000 jobs is a significant number.").

Moreover, SSA's own regulations state that it is the number of positions in the *national economy* that determines whether there are a significant number of jobs a claimant can perform. 20 C.F.R. § 404.1566(a) (emphasis added). The availability of jobs in a certain region is immaterial unless the available jobs "exist only in very limited numbers in relatively few locations outside of the region" where a claimant resides. *Id.* at § 404.1566(b). This exception does not apply to Souders, as over one million positions existed in the national economy. (R. 58-59). In the absence of any statutory or Seventh Circuit case law finding the Commissioner's interpretation of the regulation unreasonable, the court must defer to that interpretation. *Cf. Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984) (Even assuming this is an implicit legislative delegation of

authority, "a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency."). The ALJ was therefore permitted to rely on the VE's testimony as to the number of positions available nationally to meet his step five burden, and he was not required to consider the *Trimiar* factors. The ALJ's findings that a significant number of jobs existed and his decision that Souders is not disabled were well supported, and the court must affirm them.

## V. Conclusion

For the foregoing reasons, the ALJ's decision that Souders is not disabled and therefore not entitled to benefits is **AFFIRMED**. Judgment consistent with this Entry shall now issue.

**SO ORDERED** the 20th day of November, 2013.

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Distributed to all ECF-registered counsel of record via email**